UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHELLE FERRELL, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **Civil Action No. 4:21-cv-000429-O** |
| | § | |
| SAM'S CLUB, | § | |
| | § | |
| **Defendant.** | § | |

## ORDER

Before the Court are Parties' Joint Motion to Enforce Settlement (ECF No. 19), filed April 11, 2022; and Parties' Joint Motion to Reopen Case (ECF No. 21), filed May 9. For the reasons stated below, the Court finds that the Parties' Joint Motion to Reopen Case (ECF No. 21) should be and is hereby **GRANTED** for the sole purpose of determining the Joint Motion to Enforce Settlement (ECF No. 19). The Court further finds the Parties' Joint Motion to Enforce Settlement (ECF No. 19) should be and is hereby **GRANTED**.

Defendant previously filed a Status Report on Settlement explaining the parties participated in mediation on September 15, 2021, and both sides subsequently accepted the mediator's proposal. *See* Status Report 1, ECF No. 14. The Court held a status report conference on March 1 to hear the Parties arguments. To date, Plaintiff has refused to sign the settlement agreement, citing concerns regarding the amount. *See* Mot. to Enforce Settlement, ECF No. 19

Settlement agreements are contracts. *Guidry v. Halliburton Geophysical Servs., Inc.,* 976 F.2d 938, 940 (5th Cir. 1992). A binding settlement "agreement exists where there is a manifestation of mutual assent, usually in the form of an offer and an acceptance." *Lopez v. Kempthorne,* 2010 WL 4639046, at *4 (S.D. Tex. Nov. 5, 2010) (citing *Turner Marine Fleeting,*

*Inc. v. Quality Fab & Mech., Inc.,* No. Civ. A. 02–0091, 2002 WL 31819199, at *4 (E.D. La. Dec. 13, 2002)). "A district court may exercise its discretion to enforce a settlement agreement where one party to a suit has initially agreed to a settlement but later refused to execute a formal agreement reciting the terms of the settlement." *Weaver v. World Fin. Corp. of Tex.,* No. 3:09-CV-1124-G, 2010 WL 1904561, at *2 (N.D. Tex. May 12, 2010) (Fish, J.) (citing *Daftary* v. *Metro. Life Ins. Co.,* 136 F.3d 137, 1998 WL 30059, at * 1 (5th Cir. Jan. 12, 1998) (per curiam) ("*Daftary II*")). "Where a party has knowingly and voluntarily agreed to settle his claims and no change of circumstances warrants repudiation of the agreement, the courts will enforce the settlement agreement." *Id.* (quoting *Bell v. Schexnayder,* 36 F.3d 447, 449 (5th Cir. 1994)).

Here, the facts indicate there is a valid agreement between the parties, consisting of mutual assent through an offer and acceptance. The agreement complies with the requirements of contract law in this Circuit because it includes consideration—Plaintiff concedes that the agreement includes a payment amount from Defendant in exchange for the dismissal of this action. The only reasons that Plaintiff provides for opposing the settlement previously agreed to is her unhappiness with the settlement amount. *See* Status Report, ECF No.14. This argument does not provide relief under Fifth Circuit contract law—Plaintiff does not allege that the agreement was a result of fraud or duress, or otherwise involuntarily signed at the time. The Court will not refuse to enforce the agreement in this case. The Court finds that Plaintiff's counsel has the authority to sign the Full and Final Agreement on Plaintiff's behalf pursuant to the Power of Attorney in the fee agreement.

Thus, the Parties' Joint Motion to Reopen Case (ECF No. 21) should be and is hereby **GRANTED** for the sole purpose of determining the Joint Motion to Enforce Settlement (ECF No. 19). Additionally, for the reasons stated above, the Court finds that Parties' Joint Motion to Enforce Settlement Agreement (ECF No. 19) should be and is hereby **GRANTED**. Accordingly, the Court

2

hereby enforces the terms of the Full and Final Release Agreement as set forth in Exhibit B to the Joint Motion for leave to File Documents Under Seal (ECF No. 18) and orders Plaintiff's counsel, on Plaintiff's behalf, to execute the Release Agreement within seven days (7) from the date of this Order Granting Joint Motion to Enforce Settlement.

The Court finds this case should be **DISMISSED with prejudice**. This is a **FINAL JUDGMENT.**

**SO ORDERED** on this **23rd day** of **May, 2022**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**